Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III ESPECIAL

| | | |
|---|---|---|
| NATALIA GAUTIER COLÓN<br><br>Peticionaria<br><br>v.<br><br>JOSÉ M. TRINIDAD DÍAZ<br><br>Recurrido | KLAN202401095 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso núm.: PO2021RF00232<br><br>Sobre: Divorcio (R/I) |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Grana Martínez y el Juez Rodríguez Flores

**Figueroa Cabán, Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 2 de enero de 2025.

Comparece, *pro se*, la señora Natalia Gautier Colón, en adelante la señora Gautier o la peticionaria, quien solicita que revoquemos la *Orden* emitida el 4 de noviembre de 2024 y notificada el día 7 del mismo mes y año, por el Tribual de Primera Instancia, Sala de Ponce, en adelante TPI. Mediante la misma, el TPI reguló las condiciones bajo las cuales los abogados y las partes accederían a un Informe Social Forense presentado por la Unidad Social del Centro Judicial de Ponce.

Conforme la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, este Tribunal puede "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos … [ello] con el propósito de lograr su más justo y eficiente

despacho…".[1] En consideración a lo anterior, eximimos a la parte recurrida de presentar su alegato en oposición.

Por los fundamentos que expondremos a continuación, se acoge el recurso como uno de *certiorari* y se deniega la expedición del auto.

-I-

En el contexto de un pleito sobre divorcio, el TPI emitió la siguiente *Orden*:

> **El Tribunal concede a las partes veinte (20) días para expresarse con relación al Informe Social Forense presentado por la Unidad Social del Centro Judicial de Ponce. Las partes deben exponer en el término contenido las razones, si alguna, por las cuales el Tribunal no deba acoger las recomendaciones del Trabajador Social. De no comparecer en el periodo concedido, el Tribunal podrá entender que la parte se allana a que dictemos Sentencia o Resolución acogiendo las recomendaciones. Se ordena a Secretaría proveer copia del Informe a los abogados o abogadas de las partes.**
>
> **A las partes que se representen por derecho propio, deberán comparecer con identificación con foto al Tribunal a obtener su copia en la secretaria del Tribunal. Debe hacer las gestiones para buscar la copia en el Tribunal lo antes posible, ya que el término de veinte (20) días que tiene para expresarse respecto al informe comienza a transcurrir desde que se notifique a las partes la presente Orden.**
>
> Este Tribunal como medida cautelar, y en aras de proteger el derecho a la intimidad y privacidad, al(la) menor o menores que forma(n) parte del proceso, o a terceros mencionados en dicho(s) informe(s), se declara la información contenida en dicho Informe Social Forense como una de estricta confidencialidad. Esta declaración se hace conforme a la Regla 62.1 (d) de las de Procedimiento Civil; y de conformidad con lo expresado por el Tribunal Supremo en <u>Rentas Nieves v. Betancourt Figueroa</u>, 2018 TSPR 188, 201 DPR_(2018).
>
> **En Rentas Nieves v. Betancourt Figueroa**, *supra*, **el Tribunal Supremo expresó: "reiteramos que el derecho de una parte con interés a recibir copia de los informes sociales en nada limita la facultad de los jueces y juezas de los foros de instancia para, en el sano ejercicio de su discreción judicial, tomar las medidas que entiendan necesarias para, a la luz de las circunstancias particulares de cada caso, imponer restricciones al uso y a la notificación de tales informes.** Esto, en atención a la confidencialidad inherente de los

---

[1] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

mismos y la posibilidad de que derechos de terceros puedan verse afectados por su divulgación".

Asimismo, el Tribunal Supremo interpretó la medida legal dispuesta en el Art. 48 de la Ley Núm. 246-2011; y dispuso que los informes sociales debían notificarse a la representación legal de las partes, pero que todas las partes serían responsables de mantener la confidencialidad de su contenido.[2]

Inconforme, la señora Gautier presentó un *Escrito de Apelación* en el que alega que el TPI cometió los siguientes errores:

INCURRIÓ EN ERROR EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL CONCEDER UN TÉRMINO MENOR DE 30 DÍAS A LAS PARTES PARA EXPRESARSE SOBRE EN [*SIC*.] INFORME FORENSE SOCIAL.

INCURRIÓ EN ERROR EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL LIMITAR LAS RAZONES POR LAS CUAL [*SIC*.] NO SE DEBE ACOGER EL INFORME SOCIAL FORENSE.

INCURRIÓ EN ERROR EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL PERMITIR QUE EL INFORME SE ENVIARA A LOS ABOGADOS.

INCURRIÓ EN ERROR EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL LIMITAR SOLAMENTE A LA PARTE QUE SE REPRESENTA POR DERECHO PROPIO A COMPARECER AL TRIBUNAL CON UNA IDENTIFICACIÓN CON FOTO PARA BSCAR [*SIC*.] UNA COPIA DEL INFORME SOCIAL FORENSE.

INCURRIÓ EN ERROR EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL LIMITAR EL EXPRESARSE A UN TÉRMINO DE 20 DÍAS A PARTIR DE LA NOTIFICACIÓN DE LA ORDEN.

Luego de revisar el escrito de la señora Gautier y los documentos que obran en autos, estamos en posición de resolver.

-II-

A.

Como cuestión de umbral, la Regla 52.1 de Procedimiento Civil establece el alcance de la revisión discrecional de las resoluciones u órdenes interlocutorias emitidas por el Tribunal de Primera Instancia en los siguientes términos:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones

---

[2] Apéndice de la peticionaria, págs. 1-2. (Énfasis suplido)

cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia[…].[3]

## 1.

Rebasado el umbral establecido en la Regla 52.1 de Procedimiento Civil, *supra*, corresponde a este tribunal intermedio determinar si procede revisar la determinación interlocutoria recurrida.

A esos efectos, el auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[4] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[5] Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[6]

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en

---

[3] Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V).
[4] *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).
[5] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Medina Nazario v. McNeil Healthcare LLC*, *supra*, pág. 729; *García v. Padró*, *supra*, pág. 334.
[6] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 711-712 (2019); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[7]

**B.**

Por otro lado, es norma firmemente establecida que los tribunales apelativos no intervienen con el manejo de los casos por parte del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción o que el tribunal actuó con prejuicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa

---

[7] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 848; *Mun. Caguas v. JRO Construction, Inc.*, *supra*; 4 LPRA Ap. XXII-B, R. 40.

evitará un perjuicio sustancial".[8] Conviene destacar que "la discreción se fundamenta [,entre otras,] en el contacto con los litigantes y la prueba que se haya presentado"[9] ante el foro sentenciador. Por esta razón, se presume que el Tribunal de Primera Instancia conoce mejor las particularidades del caso y está en mejor posición para tomar las medidas necesarias que permitan cimentar el curso a trazar para llegar eventualmente a una disposición final.[10]

De modo que, el ejercicio de las facultades discrecionales por el foro de instancia merece nuestra deferencia salvo que incurra en algunas de las conductas previamente mencionadas y si a la luz de la prueba admitida, "no exista base suficiente que apoye su determinación".[11]

### -III-

Por tratarse de una orden interlocutoria en un caso de relaciones de familia, la Regla 52.1 de Procedimiento Civil nos faculta a revisarla. En consecuencia, acogemos el recurso de epígrafe como uno de *certiorari*.

La señora Gautier no discutió los señalamientos de error. Se limitó en cambio, a citar la Sección 7 de la Constitución del Estado Libre Asociado de Puerto Rico y el caso *Pueblo v. Sánchez González*, 90 DPR 197, 200 (1964).

---

[8] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *BPPR v. SLG Gómez López*, 2023 TSPR 145, 213 DPR __ (2023); *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022); *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 338 (2021); *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 273 (2021); *Umpierre Matos v. Juelle, Mejía*, 203 DPR 254, 276 (2019); *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018); *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920, 933 (2015).
[9] *Citibank v. ACBI et al.*, *supra*, pág. 736.
[10] *Meléndez Vega v. El Vocero de PR*, 189 DPR 123, 142 (2013); *Mejías et al. v. Carrasquillo et al*, 185 DPR 288, 306-307 (2012). Véase, además, *BPPR v. SLG Gómez López*, *supra*.
[11] *Gómez Márquez et al. v. El Oriental*, 203 DPR 783, 794 (2020).

Revisada la resolución recurrida determinamos que constituye una medida sobre el manejo del caso ante el tribunal recurrido que no adolece de ninguno de los defectos que justificarían nuestra intervención revisora.

Finalmente, no se observa ningún fundamento al amparo de la Regla 40 de nuestro Reglamento que justifique la expedición del auto.

**-IV-**

Por los fundamentos previamente expuestos, se deniega la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones